Timofei Mouraveiko & Kathryn Ash
5006 SW Pomona St
Portland OR 97219
Tel. 503-972-0398

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **Timofei Mouraveiko** and **Kathryn Ash**;<br><br>Plaintiffs,<br><br>v.<br><br>**The Oregon District of the United Pentecostal Church, The Life Church, Portland Life Church, Chad Williams, Timothy Scott, The Home Depot, Inc., The Home Depot U.S.A., Inc., Wilco Farmers (DBA "Wilco Farm Stores"), Helena Agri-Enterprises, LLC, Southern Agricultural Insecticides, Inc. (DBA "Southern Ag"), Winfield Solutions, LLC, Corteva, Inc. (DBA "Corteva Agriscience"), Does 1-50, John Doe Manufacturer**,<br><br>Defendant(s). | CIVIL CASE NO.: 3:26-CV-01824-YY<br><br>**PLAINTIFF'S JOINT REPLY TO DEFENDANT SOUTHERN AGRICULTURAL INSECTICIDES, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND TIME TO RESPOND TO SOUTHERN AG'S MOTION FOR SUMMARY JUDGMENT (ECF 60)** |

Plaintiffs Timofei Mouraveiko and Kathryn Ash submit this Reply to <u>Defendant Southern Agricultural Insecticides, Inc.'s Response in Opposition to Plaintiffs' Motion to Extend Time to Respond to Southern Ag's Motion for Summary Judgment</u> (ECF 60). Defendant Southern Ag objects to more than a 30-day extension, because it believes that a longer time is unnecessary, under the idea that Plaintiffs are using "AI" (ECF 60, p. 2). It further argues that an extension of more than thirty days is unnecessary, because Southern Ag "maintains" that the suit has no legal or factual merit (ECF 60, p. 2).

Plaintiffs did not make their extension request for purposes of delay or to prejudice any party, but in order to have adequate time to research and address the issues Southern Ag raised in its motion. As noted in Plaintiffs' motion, Plaintiffs have several motions to respond to and they were all filed on the same day, and several additional filings were made in the instant litigation since.

Under normal circumstances an attorney would be accorded 14 days to reply to each of the three motions filed on September 25, 2026, which adds up to 42 days. At least six additional filings were made in the instant litigation since then and 6 x 14 days = 84 days; 84 days + 42 days = 126 days. Plaintiffs are not attorneys and have other obligations that they cannot set aside. The requested extension is both reasonable and necessary.

Even putting the subsequent filings aside, Southern Ag's argument is rather facetious. Southern Ag and co-defendant Helena state that they believe a 30-day extension is enough to just respond to their respective motions (ECF 60, p. 2: "A 30-day extension is more than sufficient for Plaintiffs to respond to Southern Ag's Motion for Summary Judgment." ECF 62, p. 2: "A 30-day extension should provide Plaintiffs with sufficient additional time to respond to Helena's Motion to Dismiss."). This Court should take them at their word. 30 days x 3 = 90 days, therefore this Court should grant Plaintiffs their requested extension of time, if not an extension of 90 days.[1]

Southern Ag states that if Plaintiffs used "AI" – not explaining what it means by "AI," presumably a person or a thing – an extension of thirty days would be sufficient. Southern Ag provided no factual support to their assertion and failed to produce any evidence of "AI" use or the existence of "AI," let alone what "AI" is, who "AI" is (if it is a person), or how what "AI" is doing or has been doing would or is helping Plaintiffs.[2]

---

[1] Four motions to dismiss are currently pending plus one motion for summary judgment.

[2] Plaintiffs are not going to waste this Court's or their own time on striking this scandalous material.



Timofei Mouraveiko & Kathryn Ash
5006 SW Pomona St
Portland OR 97219
Tel. 503-972-0398

Southern Ag acknowledges that thirty days would be sufficient with "AI" use, so on the face of it it agrees that 75 days are reasonable without it. Southern Ag's argument fails as it has not shown any involvement of "AI," nor could it. Therefore, Plaintiffs should be granted their requested extension.

Southern Ag argues that it "maintains" that the suit against it "has no factual or legal merit." Southern Ag's opinion on the merit of the claims against it has no relevance[3] and it is not a factor that this Court should take into consideration when deciding Plaintiffs' request for more time to reply to Southern Ag's summary judgment motion.

This litigation concerns a serious subject matter. The subject matter is much more serious to Plaintiffs than it is to Southern Ag or any of its co-defendants, as Plaintiffs are living with the consequences of it every day. It has affected their health, their family, their livelihoods, their home – essentially their whole life. Plaintiffs are very much cognizant of the seriousness of the subject matter that this litigation concerns and the absolute need for proper resolution. This requires Plaintiffs to conduct a careful evaluation and presentation of the relevant issues, while continuing to suffer the deleterious effects of the chemical contamination that has been affecting them, personally, and their whole property since July 4, 2026 (and continues to do so).

Lastly, Southern Ag argues that Plaintiffs should not have filed the instant litigation, because they (Plaintiffs) have other obligations (ECF 60, p. 2). This shows nothing more than that Southern Ag is litigating in bad faith. It clearly understands that Plaintiffs have been harmed by its actions, and it wants to exploit the harm and injury Plaintiffs are suffering under to the fullest, in hopes that it will afford Southern Ag an advantage and to avoid liability and responsibility. All Southern Ag is expressing with this argument is its hope that

---

[3] Southern Ag is neither judge nor jury, nor can it pretend to be. Its own argument concerning merits underscores that Southern Ag would like to have additional explanation beyond what is in the Complaint. Such an explanation does take time, particularly in light of the fact that Southern Ag is not interested in litigating on the merits.



Timofei Mouraveiko & Kathryn Ash
5006 SW Pomona St
Portland OR 97219
Tel. 503-972-0398

the impact on Plaintiffs will be severe enough that Plaintiffs would not be able to cope and comply with deadlines. This is not the litigation on the merits that is contemplated by our court system.

Based on the foregoing Plaintiffs respectfully request this Court to extend the deadline to respond to Defendant Southern Ag's motion for summary judgment by either seventy-five days or to a date seventy-five days after this Court enters the order on the motion for extension, whichever is later, and any other relief it deems just and equitable.

TIMOFEI MOURAVEIKO
By: /s/ Timofei Mouraveiko
DATED this 1st day of November, 2026.

KATHRYN ASH
By: /s/ Kathryn Ash
DATED this 1st day of November, 2026.



Timofei Mouraveiko & Kathryn Ash
5006 SW Pomona St
Portland OR 97219
Tel. 503-972-0398